NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————————

**THELMA S. SOMMER,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

—————————————

2019-1764

—————————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-5250, Judge Michael P. Allen.

—————————————

Decided: October 4, 2019

—————————————

THELMA S. SOMMER, Pasadena, TX, pro se.

LAUREN MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by TARA K. HOGAN, JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR.; BRANDON A. JONAS, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

—————————————

Before NEWMAN, MOORE, and CHEN, *Circuit Judges.*

PER CURIAM.

Thelma S. Sommer appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") dismissing her case for lack of jurisdiction under 38 U.S.C. §§ 7252, 7266(a). *Sommer v. Wilkie*, No. 19-1508, 2019 U.S. App. Vet. Claims LEXIS 111 (Vet. App. Jan. 28, 2019) ("*Veterans Court Decision*"). Because we too lack jurisdiction, we *dismiss*.

## BACKGROUND

Mrs. Sommer is the surviving spouse of United States Navy veteran, Mr. Charles F. Sommer, Jr. After Mr. Sommer's death in 2005, Mrs. Sommer filed a claim for and was awarded nonservice-connected death pension benefits. *Sommer v. Wilkie*, 739 F. App'x 641 (Fed. Cir. 2018). In 2006, the Veterans Affairs Regional Office ("RO") terminated her benefits because her annual income exceeded the Maximum Annual Pension Rate ("MAPR"). *Id.* Mrs. Sommer appealed the termination, but later withdrew that appeal in 2009. In 2010, Mrs. Sommer filed another claim for benefits, which the RO denied a year later. *Id.* Mrs. Sommer appealed, and the Board of Veterans' Appeals ("Board") denied her claim. *Id.* Mrs. Sommer then appealed the Board's decision to the Veterans Court. *Id.* The Veterans Court affirmed the Board and Mrs. Sommer appealed to this court. *Id.* On October 9, 2018, we dismissed the case after concluding that Mrs. Sommer failed to raise any issue within our limited jurisdiction. *Id.*

While the appeal before us was pending, Mrs. Sommer filed another notice of appeal at the Veterans Court on September 17, 2018. The government moved to dismiss the appeal for lack of jurisdiction because Mrs. Sommer had failed to identify an appealable Board decision. The Veterans Court ordered Mrs. Sommer to show cause as to why it

should not dismiss her case. It also asked her to provide the Veterans Court with a copy of the Board decision she wished to appeal. Mrs. Sommer did not provide any such decision and stated in response that she needed the money. Thus, on January 28, 2019, the Veterans Court granted the government's motion to dismiss the case for lack of jurisdiction under §§ 7252, 7266(a). *Veterans Court Decision*, U.S. App. Vet. Claims LEXIS 111, at *1. The Veterans Court issued a final judgment on February 28, 2019, after denying Mrs. Sommer's request for reconsideration in which she again failed to identify an appealable Board decision and simply stated that she needed her husband's retirement. J.A. 13–14.

Mrs. Sommer appeals the Veterans Court's decision to this court seeking to invoke our jurisdiction under 38 U.S.C. § 7292(a).

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Here, the Veterans Court's decision involved only the application of the law to fact. The Veterans Court applied §§ 7252 and 7266(a), which limit its jurisdiction to appeals from final Board decisions, to the facts in this case—that Mrs. Sommer failed to appeal a final Board decision. Thus, we lack jurisdiction to review this question.

CONCLUSION

Because we lack jurisdiction over Mrs. Sommer's appeal, we *dismiss*.

**DISMISSED**

COSTS

No costs.